Carlos **MARTINEZ–RUIZ**, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75244.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2011.[*]

Filed Feb. 15, 2011.

Elsa Ines Martinez, Esquire, Law Offices of Elsa Martinez, PLC, Los Angeles, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Securi-

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

ty, San Francisco, CA, Eric Warren Marsteller, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, D.W. NELSON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Carlos Martinez–Ruiz petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") decision denying his application for a waiver of inadmissibility and adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D) to review "constitutional claims or questions of law." *See Mejia v. Gonzales*, 499 F.3d 991, 998–99 (9th Cir.2007). We deny the petition for review.

Martinez–Ruiz's argument that applying 8 C.F.R. § 1212.7(d) to him has an impermissible retroactive effect is foreclosed by *Mejia*, 499 F.3d at 997 (analyzing identical regulation contained in 8 C.F.R. § 212.7(d)). "The regulation speaks only to the exercise of discretion under § 212(h)(2), not to the threshold determination of eligibility under § 212(h)(1). The Attorney General has not changed or altered the statutory 'extreme hardship' standard. Instead, he has promulgated a regulation to guide IJs in the way they exercise their relatively unfettered grant of discretion after the statutory requirements are met." *Id.* at 996 (citations omitted). Therefore, applying Section 1212.7(d) to the petitioner "does not have an impermissibly retroactive effect because it neither attaches a new disability to past conduct nor upsets settled expectations." *Id.* at 998.

Martinez–Ruiz's second argument fails as well. The BIA did not use an incorrect legal standard in concluding that Martinez–Ruiz's conviction constituted a "violent or dangerous crime" subjecting him to a heightened hardship standard. 8 C.F.R. § 1212.7(d) ("The Attorney General, in general, will not favorably exercise discretion under section 212(h)(2) of the Act (8 U.S.C. 1182(h)(2)) ... with respect to immigrant aliens who are inadmissible under section 212(a)(2) of the Act in cases involving violent or dangerous crimes, [unless] ... an alien clearly demonstrates that the denial of the application ... would result in exceptional and extremely unusual hardship."). The BIA had no obligation to conduct a case-by-case analysis of Petitioner's offense under *Matter of Frentescu*, 18 I & N Dec. 244 (BIA 1982), where, as here, we have already determined that violations of California Penal Code § 211 are categorically crimes of violence. *See United States v. McDougherty*, 920 F.2d 569, 573 (9th Cir.1990) ("We hold that robbery under California law is [ ] by definition a crime of violence."); *see also Mejia*, 499 F.3d at 999 (referring to "crimes of violence" is "not inconsistent with the statutory standard" for "violent and dangerous" crimes).

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.